UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-CR-20805-WILLIAMS

UNITED STATES OF AMERICA

vs.

DAVID GOMEZ-CORADO,

**Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **DAVID GOMEZ-CORADO** (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with conspiring with others on board a vessel subject to the jurisdiction of the United States to possess with the intent to distribute cocaine, in violation of Title 46, United States Code, Section 70506(b).

2. The United States agrees to dismiss all remaining counts at sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory

sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court must impose a minimum term of imprisonment of ten (10) years and may impose a statutory maximum term of imprisonment of up to life, followed by a minimum term of supervised release of five (5) years and up to life.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $10,000,000.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.  If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

2

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced <u>within</u> the guideline range, as that range is determined by the Court. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government,

or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

10. This Office reserves the right to evaluate the nature and extent of any cooperation by the defendant, and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make

4

a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11.     The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

12.     The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture. Additionally, the defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

13. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 3/22/18   By: _____
KEVIN QUENCER
ASSISTANT UNITED STATES ATTORNEY

Date: 3/21/18   By: _____
STEPHEN GOLEMBE
ATTORNEY FOR DEFENDANT

Date: 3/21/18   By: DAVID GOMEZ-CORADO
**DAVID GOMEZ-CORADO**
DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-CR-20805-WILLIAMS

UNITED STATES OF AMERICA

vs.

DAVID GOMEZ-CORADO,

    **Defendant.**
_____/

## FACTUAL PROFFER

If this matter proceeded to trial the Government would have proved beyond a reasonable doubt the following facts:

On August 31, 2017, while on routine patrol in the Eastern Pacific Ocean, a marine patrol aircraft (MPA) detected a go-fast vessel (GFV) 300 nautical miles southwest of the Guatemala/El Salvador border in international waters. The United States Coast Guard Cutter (USCGC) James was 15 nautical miles away and diverted for intercept. The USCGC deployed their over-the-horizon (OTH) smaller boat vessel and helicopter to intercept the GFV.

When the GFV did not stop despite the helicopter positioning itself very near the vessel, the helicopter utilized warning shots, which were also ignored as the GFV continued to flee the helicopter. The helicopter then used targeted rounds fired at the engines of the GFV to stop the GFV, and the GFV went dead in the water. The OTH arrived on scene and obtained positive control of the GFV. The USCG boarding team observed a flag flown, a registration documents, a registration number CCP-56-30-2017, a home port on the hull, and a vessel name of IAN. The USCG boarding team observed five occupants on board who identified themselves as Julio Cesar ALVAREZ-Martinez (Guatemalan), David GOMEZ-Corado (Guatemalan), Jose Ricardo BAUTISTA-Vasquez (Ecuadorian), Jorge Isaac ORTIZ-Preciado (Ecuadorian), and Juan David

CADENA-Mercua (Colombian). The captain of the vessel claimed Guatemalan nationality for the vessel and himself. The Government of Guatemala was contacted. The Government of Guatemala confirmed nationality of the vessel and authorized a boarding, giving the United States jurisdiction over the vessel.

Under the authority of Guatemala, the USCG boarding team boarded the GFV and recovered 647 kilograms of cocaine, on the deck of ~~concealed inside a compartment in~~ the vessel.

The defendants knew they had cocaine on board, and intended to later distribute the cocaine to a third party once they reached their destination. The defendants were first brought into the United States in the Southern District of Florida.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 3/22/18        By: /s/
                         KEVIN QUENCER
                         ASSISTANT UNITED STATES ATTORNEY

Date: 3/22/18        By: /s/
                         STEPHEN GOLEMBE
                         ATTORNEY FOR DEFENDANT

Date: 3/22/18        By: DAVID Gomez-Corado
                         DAVID GOMEZ-CORADO
                         DEFENDANT

2